**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

TELEDO SMITH-BEY,                    :
                                     : Civil Action No. 11-3927 (NLH)
Petitioner,                          :
                                     :
v.                                   : OPINION
                                     :
DIRECTOR FOR THE BUREAU OF           :
PRISONS, et al.,                     :
                                     :
Respondents.                         :


**APPEARANCES:**

TELEDO SMITH-BEY, Petitioner <u>pro se</u>
# 41003-037
F.C.I. Fort Dix
P.O. Box 2000
Fort Dix, New Jersey 08640


**HILLMAN**, District Judge

    This matter is before the Court on the application of Petitioner, Teledo Smith-Bey, for a writ of mandamus. Petitioner submitted an application to proceed <u>in forma pauperis</u>, and it appears that he qualifies for indigent status. For the reasons set forth below, however, the petition for a writ of mandamus will be denied for lack of merit.

## I. BACKGROUND

    Petitioner brings this action for a writ of mandamus against the Director of the Federal Bureau of Prisons ("BOP"). The

following factual allegations are taken from the Petition, and are accepted for purposes of this screening only.  The Court has made no findings as to the veracity of Petitioner's allegations.

Petitioner seeks this Court to compel the BOP to perform duties allegedly mandated by 42 U.S.C. § 17541(a)(1)(G).  This statute was purportedly created as part of the Second Chance Act and requires the BOP to provide incentives for prisoner participation in skills development programs.  Petitioner states that he has participated in over 20 skills development programs, but has not been extended any incentives within the meaning of 42 U.S.C. § 17541(a)(1)(G). (Petition ¶¶ 3-5).  Petitioner states that he has exhausted his administrative remedies and attaches the BOP responses to his Petition.   In response to Petitioner's administrative remedy, the Warden provided the following answer:

> Please be advised that there is no formal list of incentives offered by the Bureau of Prisons, nor is a formalized list required by the statute.  Programs such as the Residential Drug Treatment Program, the Non-Residential Drug Treatment Program, and Leisure Time have incentives for successful completion of programs, including certificates, ceremonies, non-cash and cash awards, and other tangible incentives.  Your request for a formal list of incentives is denied.

(Warden's Response, Dated May 26, 2011, attached to Petition).

The Regional Director, J. L. Norwood, responded similarly to Petitioner's administrative appeal on May 19, 2011. (Administrative Appeal Response, Dated May 19, 2011, attached to Petition).  Petitioner seeks mandamus relief.  More specifically, he demands that he be provided with the "statutorily mandated

incentives" as required by 42 U.S.C. § 17541(a)(1)(G).

## II. DISCUSSION

Petitioner seeks relief by a petition for a writ of mandamus, pursuant to 28 U.S.C. § 1651. His petition is identical to the claim raised in this District in another matter, Richardson v. Director for the Federal Bureau of Prisons, 10-4939 (RMB). The Court in that case denied the petition for lack of merit. 2011 WL 809869 (D.N.J. 2011). The Third Circuit subsequently affirmed that decision. See Richardson v. Director for the Federal Bureau of Prisons, 10-4939 (RMB), Docket Entry Nos. 6&7. For the same reasons as those stated by the Court in Richardson, this Court will also deny the petition for lack of merit.

Pursuant to 28 U.S.C. § 1361, "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Mandamus, however, is an extraordinary remedy. See Heckler v. Ringer, 466 U.S. 602, 616 (1984). Certain conditions must be met before mandamus relief is granted. "Among these are that the party seeking issuance of the writ have no other adequate means to attain the relief he desires, and that he satisfy 'the burden of showing that (his) right to issuance of the writ is clear and indisputable.'" Kerr v. United States District Court, 426 U.S. 394, 403 (1976) (citations omitted). The Supreme Court has set

forth conditions to be established before mandamus relief is granted: (1) that plaintiff has a clear right to have his application adjudicated; (2) that defendants owe a nondiscretionary duty to rule on the application; and (3) that plaintiff has no other adequate remedy.  See Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 35 (1980); Kerr, 426 U.S. at 403 (1976); United States v. Ferri, 686 F.2d 147, 152 (3d Cir. 1982).

Here, as in Richardson, the Court finds no basis for mandamus relief.  Petitioner cannot show that the right to the writ is clear and undisputable.  The statute which Petitioner relies upon does not require specific incentives, nor does it require a formal list. Rather, 42 U.S.C. § 17541(a)(2) expressly states that "[i]ncentives for a prisoner who participates in reentry and skills development programs [] may, at the discretion of the Director, include...such other incentives [beyond community confinement] as the Director considers appropriate...." (emphasis added).  Therefore, as stated by the Court in the Richardson case, the relief Petitioner actually seeks requires a discretionary determination and is not a clear cut ministerial function of the BOP.  Therefore, Petitioner has failed to show any extraordinary factors that would warrant the granting of a petition for a writ of mandamus.


III.  CONCLUSION

Based upon the foregoing, Petitioner's petition for a writ of mandamus will be denied for lack of merit.  No fees or costs

of suit will be assessed.  An appropriate Order accompanies this

Opinion.


Dated: October 11, 2011


                                      /s/ Noel L. Hillman
                                     NOEL L. HILLMAN
                                     UNITED STATES DISTRICT JUDGE


At Camden, New Jersey